UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

THOMAS P. FULLER,

                    Plaintiff,

        v.

PIERCE CONSERVATION DISTRICT,
et al.,

                    Defendants.

CASE NO. C26-5227 BHS

ORDER

THIS MATTER is before the Court on its review of pro se plaintiff Thomas Fuller's application to proceed *in forma pauperis*, Dkt. 1, supported by his proposed amended complaint, Dkt. 9, and on Fuller's emergency motion for a temporary restraining order, Dkt. 2.

The Court denied Fuller's prior application to proceed *in forma pauperis* because despite several efforts, he had failed to state a plausible claim. *See* No. 3:25-cv-05710-BHS, Dkts. 6, 8, 15, 19. The Court dismissed that case without prejudice on December 12, 2025, and closed the case. *Id.*, Dkt. 20. On March 5, 2026, the Court denied Fuller's motion for leave to appeal *in forma pauperis* and his motion for a temporary restraining

ORDER - 1

order, concluding that Fuller still had not stated a plausible claim. *Id.*, Dkt. 26. The Court informed Fuller, however, that he "may file a new action, supported by an application for leave to proceed *in forma pauperis* and a complaint stating a plausible claim, and move for injunctive relief in that case, consistent with the standard above." *Id.* at 3.

Fuller responded by filing in this case his fifth complaint, which is not materially different from his first four. Fuller alleges that defendant Pierce Conservation District ("PCD"), operating as defendant Harvest Pierce County ("HPC"), discriminated against him on the basis of race by denying his participation in the HPC's community garden program. Dkt. 9 at 2. He alleges that HPC unlawfully limited his access to garden beds, imposed a new retroactive bylaw requirement on him alone, and obstructed his soil delivery. *Id*. Fuller reasserts claims raised in prior complaints and adds new claims for forced labor and civil peonage and an alleged violation of the Thirteenth Amendment. *Id.* at 3. He contends that PCD should compensate him for the labor and capital that he contributed to the gardens. *Id.*

Fuller also reasserts age-based discrimination and associational retaliation claims on behalf of plaintiffs Barbara Dickerson and Katherine Harrison. However, as the Court has repeatedly explained in previous Orders, No. 3:25-cv-05710-BHS, Dkts. 13 and 18, Fuller, as a pro se litigant, cannot represent any other person in court. *See McShane v. United States*, 366 F.2d 286, 288 (9th Cir. 1966). Fuller's claims on behalf of Harrison and Dickerson are dismissed.

ORDER - 2

As with the prior filings, Fuller's current complaint is conclusory. To plead a plausible claim, a plaintiff must allege facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While a pro se plaintiff's complaint is to be construed liberally, like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Id*. (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The "mere possibility of misconduct" or "the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id*.

Fuller's conclusory assertion that defendants discriminated against him because of his race is insufficient. He pleads no new facts beyond those alleged in his previous complaints. Fuller argues that PCD and its officers "engaged in a coordinated pattern of racially motivated exclusion, labor extraction, and retaliatory eviction against three elderly disabled agricultural workers." Dkt. 1-1 at 9. He contends that PCD imposed a new bylaws requirement on him alone, and that non-Indigenous white participant were not subject to it. However, the mere imposition of a new requirement does not, without more, show discriminatory intent. Nor do his speculative assertions about unidentified participants who were allegedly treated differently, particularly where he relies on discovery to supply essential facts. *See* Dkt. 1-1 at 3 ("The bylaws requirement . . . were not imposed on similarly-situated non-Indigenous white participants including [*names to be identified through discovery*].") (emphasis added).

As further support for race-based discrimination, Fuller alleges that "on a date between April 2024 and August 2025," Hernandez told him that he was "not even a real

ORDER - 3

Black man." *Id.* at 4. This vague and context-free allegation is insufficient to show that PCD limited his (or Dickerson or Harrison's) access to garden beds, imposed a new bylaw requirement, or restricted his signage because of his race.

Fuller's allegations also fail in the context of his *Monell* claim. He asserts that PCD maintains a custom or practice of elder exploitation, citing that he, Dickerson and Harrison are elders of "different race, different gender, [and] different veteran status." *Id.* at 5. However, he alleges no facts showing that younger participants at the garden were treated more favorably. Moreover, this undermines his race-based claim, as the individuals allegedly affected are of different races.

Nor has Fuller demonstrated he can succeed on his TRO. The purpose of a TRO is "preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing [on the preliminary injunction application], and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*, 415 U.S. 423 (1974); *see also Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1130-31 (9th Cir. 2006). To obtain a TRO or a preliminary injunction, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that a balance of equities tips in the favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Fuller's motion asks the Court to enjoin the defendants from enforcing the termination of his lease on March 8, 2026. Dkt. 2 at 1. In support of that motion, he asserts the same claims as raised in his amended complaint. Because Fuller has not stated

a plausible claim, he has not established that he is likely to succeed on the merits. His motion for a TRO, Dkt. 2, is **DENIED**.

Fuller's application to proceed IFP, Dkt. 1, is therefore also **DENIED**. Because Fuller has had several opportunities to assert plausible claims, his proposed amended complaint, Dkt. 9, is **DISMISSED without prejudice** and **without leave to amend.**

The Clerk shall close the case.

**IT IS SO ORDERED**.

Dated this 26th day of March, 2026.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 5