UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

THOMAS P. FULLER, et al.,

Plaintiffs,

v.

PIERCE CONSERVATION DISTRICT, et al.,

Defendants.

CASE NO. C26-5227 BHS

ORDER

THIS MATTER is before the Court on pro se plaintiffs Thomas Fuller's, Barbara Dickerson's, and Katherine Harrison's (together Fuller) motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e). Dkt. 23.

The Court denied Fuller's prior application to proceed *in forma pauperis* because despite several efforts, he had failed to state a plausible claim. *See* No. 3:25-cv-05710-BHS, Dkts. 6, 8, 15, 19. The Court dismissed that case without prejudice on December 12, 2025, and closed the case. *Id.*, Dkt. 20. On March 5, 2026, the Court denied Fuller's motion for leave to appeal *in forma pauperis* and his motion for a temporary restraining order, concluding that Fuller still had not stated a plausible claim. *Id.*, Dkt. 26. The Court

ORDER - 1

informed Fuller, however, that he "may file a new action, supported by an application for leave to proceed *in forma pauperis* and a complaint stating a plausible claim, and move for injunctive relief in that case, consistent with the standard above." *Id.* at 3.

Fuller responded by filing in this case his fifth complaint, which is not materially different from his first four. Fuller alleges that defendant Pierce Conservation District ("PCD"), operating as defendant Harvest Pierce County ("HPC"), discriminated against him on the basis of race by denying his participation in the HPC's community garden program. Dkt. 9 at 2. He alleges that HPC unlawfully limited his access to garden beds, imposed a new retroactive bylaw requirement on him alone, and obstructed his soil delivery. *Id.*

The Court concluded that Fuller's complaint was still conclusory and still failed to state a plausible claim. Dkt. 21. A plaintiff must allege facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While a pro se plaintiff's complaint is to be construed liberally, like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The "mere possibility of misconduct" or "the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*

Fuller now seeks to amend or alter the Court's judgment, asserting that he now has proof of his allegations. But the Court's review of his complaint tests only his allegations, not his evidence. The flaw in Fuller's complaint is that it has no factual context allowing

ORDER - 2

the Court to draw the reasonable inference that any defendant is liable to him for any misconduct. He has yet to describe a factual narrative including the who, what, when, why, and how of a plausible discrimination claim. The flaw is the failure to articulate a plausible claim, not to prove a claim.

Furthermore, and in any event, Fuller has since filed a third action, this one in Pierce County Superior Court, apparently based on the same still unclear factual events. Defendants removed the case here based on Fuller's federal § 1983 claim. See *Fuller v. Pierce Conservation District*, No. 26-5425 BHS, at Dkt. 1.

The Court will not alter or otherwise reopen this closed case. The motion is **DENIED**.

**IT IS SO ORDERED**.

Dated this 5th day of May, 2026.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 3